# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| JUDITH H. GREER, | CIVIL ACTION NO. 7:17-120-KKC |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| JOSEPH E. KAMINKOW and BENITA RILEY KAMINKOW, | |
| Defendants. | |

*** *** ***

This matter is before the Court on the plaintiff's motion to remand (DE 4) the matter to Floyd Circuit Court. For the following reasons, the motion will be denied.

The plaintiff, Judith Greer, filed this action in Floyd Circuit Court against two defendants: Joseph and Benita Kaminkow. It appears that Benita Kaminkow's actual name is Benita Riley. Accordingly, the Court will refer to her as Riley in this opinion.

In her complaint, Greer asserted that she cleaned homes and cared for properties owned by the defendants. She asserts that she went to a home owned by the defendants in Lexington, Kentucky and was injured when she fell over some boxes on an outside walkway. She asserts a negligence claim against the defendants.

The defendants removed the action to this Court, asserting that this Court has jurisdiction over the matter pursuant to the "diversity jurisdiction" of federal courts set forth in 28 U.S.C. § 1332. Under that statute, this Court has jurisdiction over all matters in which the amount in controversy exceeds $75,000 and is between citizens of different states. For subject matter jurisdiction to exist under this statute, complete diversity of

citizenship must exist, meaning that "no party has the same citizenship as any opposing party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001).

Neither party disputes that the amount in controversy in this action exceeds $75,000. In their notice of removal, the defendants assert that there is also complete diversity of citizenship because plaintiff is a citizen of Kentucky, while both defendants are citizens of Nevada.

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.'" *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As the removing party, the defendants have the burden of establishing this Court's jurisdiction by a preponderance of the evidence. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 449 (6th Cir. 2017).

The citizenship of a person is determined by his domicile. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). Domicile is a combination of physical presence, along with the intent to remain permanently in the chosen location. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Riley has met her burden of establishing by a preponderance of the evidence that she has been domiciled in Nevada since 2008.

In her motion to remand, Greer submits evidence that Riley has a Kentucky driver's license that was issued twelve days after the state court action was filed; that Riley lists her address as Prestonsburg, Kentucky on the Kentucky Bar Association website; that Riley is currently a member and the registered agent of Riley, Herald & Banks PLLC, which is located in Prestonsburg, Kentucky; and that Riley and Kaminkow own a residence located in Lexington, Kentucky.

In response, Riley concedes that her domicile was in Floyd County, Kentucky until 2008. She asserts by affidavit, however, that in 2008, she married Kaminkow and then moved to Reno, Nevada to a home there owned him. She asserts that the couple has resided in Nevada since 2008 and now lives in a home in Las Vegas that she jointly owns with Kaminkow. She asserts that she intends to maintain the Las Vegas home as her domicile indefinitely. Greer does not dispute that Riley's husband, Kaminkow, is domiciled in Nevada.

Riley asserts that the Lexington home owned jointly by her and Kaminkow is used as a family retreat where she, her husband, and five children stay when they "occasionally" visit Lexington. She asserts that she chose to renew her driver's license in Kentucky because Nevada required that she present a birth certificate to obtain a Nevada driver's license and she does not have a copy of her birth certificate.

Riley also concedes that she worked at a law practice in Kentucky prior to moving to Nevada but asserts that she now works only part-time for the practice and does so only by reviewing case in Nevada that the Kentucky practice ships to her. She asserts that she is now employed by an online gaming company headquartered in San Francisco, which she flies to from Las Vegas as needed. Riley attaches the affidavit of another member of the the Kentucky law firm supporting her assertions regarding her involvement in the Kentucky practice. She also attaches an affidavit from a certified public accountant, who states that for the years 2014, 2015, and 2016, Riley filed income tax returns as a resident of Nevada.

Lack of subject matter jurisdiction may be raised by any party at any time and may even be raised sua sponte by the Court. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990). Based on the evidence currently before it, however, the Court finds by a preponderance of the evidence that Riley has been domiciled in Nevada since 2008.

Accordingly, the Court hereby ORDERS the plaintiff's motion to remand (DE 4) and her motion for attorney's fees (DE 5) are DENIED.

Dated February 5, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY